**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**BOBBY J. LAFARGE, by his personal**                                          **PLAINTIFF**
**representative and conservator,**
**ANGELA BLIZZARD**

**V.**                                               **CIVIL ACTION NO.: 1:08CV185-SA-JAD**

**KEITH KYKER, M.D.; BARRY BERTOLET, M.D.;**
**CARDIOLOGY ASSOCIATES OF NORTH MISSISSIPPI,**
**P.A.; and NORTH MISSISSIPPI MEDICAL CENTER, INC.**           **DEFENDANTS**

**MEMORANDUM OPINION**

Presently before the Court is Defendants Kyker, Bertolet, and Cardiology Associates of North Mississippi, P.A.'s Motion to Dismiss [8], Supplemental Motion to Dismiss [11], and Motion to Dismiss First Amended Complaint [19]. Also before the Court is North Mississippi Medical Center, Inc.'s Motion to Dismiss [16]. The Court finds as follows:

**I.**      **Factual and Procedural History**

On July 25, 2008, Plaintiff Angela Blizzard, as the personal representative and conservator of Bobby J. LaFarge, filed a medical malpractice claim against the Defendants. Blizzard alleges LaFarge was admitted to North Mississippi Medical Center ("NMMC") on May 31, 2006, where he suffered a cerebrovascular incident on June 4, 2006, while under the care of NMMC, Dr. Keith Kyker, Dr. Barry Bertolet, and Cardiology Associates. Blizzard contends Defendants breached the standard care with respect to LaFarge, resulting in an increased risk of a thromboembolic event and causing the cerebrovascular incident on June 4, 2006.

Defendants Kyker, Bertolet, and Cardiology Associates of North Mississippi, P.A., filed their Motion to Dismiss on October 1, 2008. Defendants argued Blizzard failed to obtain judicial authorization to file the Complaint, which is a prerequisite to commencing suit on behalf of a ward,

and Blizzard failed to comply with the additional requirement of Mississippi Code Section 93-13-27, which requires Plaintiff to attach a certified copy of the court order authorizing Plaintiff to file suit. Defendants also contend Blizzard neither sought nor obtained the necessary judicial authorization to place these Defendants on notice of her intent to file suit as the conservator of LaFarge.

Blizzard amended the Complaint on October 6, 2008, and attached a copy of the Order Granting Petition for Authority to Initiate Prosecution of Personal Action that was entered and filed in the Chancery Court of Lowndes County, Mississippi, on July 15, 2008. On October 20, 2008, Defendants filed a Motion to Dismiss the Amended Complaint arguing Plaintiff's original Complaint failed to comply with Mississippi Code Section 93-13-27, which requires a certified copy of the court order authorizing Plaintiff to file suit be attached to the Complaint. Defendants contend that this procedural "defect" is fatal to this cause of action and is not curable by an amended complaint. Defendants further argued that the notice of claim letter sent on May 19, 2008, is null and void as Blizzard had no authority to place the Defendants on notice of a claim on behalf of LaFarge, in light of the fact that Blizzard did not file her Petition for Authority to Initiate Prosecution of Personal Action until June 23, 2008.

Defendant North Mississippi Medical Center also filed a Motion to Dismiss on October 15, 2008, making arguments similar in nature to the other Defendants. The Court is now prepared to rule.

## II. Motion to Dismiss Standard

In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004) (quoting Jones v. Greninger, 188 F.3d 322,

324 (5th Cir. 1999)). To overcome a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 2009 WL 1361536 (May 18, 2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965 (quotation marks, citations, and footnote omitted). "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court.'" Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007) (citing Twombly, 127 S. Ct. at 1966 (internal quotation marks omitted)).

**III.     Discussion**

The motions to dismiss before the Court center around two arguments: (1) Plaintiff's original Complaint failed to comply with the directive of Mississippi Code Section 93-13-27, which requires Plaintiff attach the order authorizing suit to the Complaint; and (2) Plaintiff neither sought nor obtained the necessary judicial authorization to place these Defendants on notice of her intent to file suit as the conservator of LaFarge.

A.     Attachment of Court Order to Complaint

The relevant part of Mississippi Code Annotated section 93-13-27 provides:

> And all such actions, suits, or proceedings shall be commenced only after authority has been granted to such general guardian by proper order or decree of the Court or chancellor of the county in this state in which the guardianship proceedings are pending, upon proper sworn petition and supporting oral testimony. *A certified copy of said order authorizing such suit or proceeding shall be attached to the complaint or instrument or document originally filed as commencing such actions, suits, or*

3

*proceedings.*

MISS. CODE ANN. § 93-13-27 (emphasis added).

Defendants argue Plaintiff's Complaint should be dismissed as she failed to attach the order authorizing suit to her Complaint. Moreover, Defendants contend that Plaintiff's Amended Complaint, that does in fact have the order authorizing suit attached, cannot cure the procedural defect. Plaintiff responds that in the event this Court finds her failure to validly attach a copy of the chancery court order to the complaint warrants dismissal, then this procedural requirement is an unconstitutional violation of the separation of powers doctrine. Plaintiff relies on Wimley v. Reid in support of this proposition, wherein the Mississippi Supreme Court held that failure to attach an attorney's certificate of consultation pursuant to Mississippi Code Section 11-1-58 cannot serve as basis for dismissal of a suit. 991 So. 2d 135 (Miss. 2008).

In Wimley, the plaintiff failed to file a certificate of consultation or a disclosure of expert information with her complaint. Wimley, 991 So.2d at 136. Shortly after filing her complaint, the plaintiff sought leave of court to amend the complaint to include the certificate of consultation. The defendant filed a motion to dismiss, arguing that the plaintiff failed to strictly comply with section 11-1-58. Thereafter, the trial dismissed the lawsuit with prejudice for the plaintiff's failure to strictly comply with the statute. Id. On appeal, the Mississippi Supreme Court addressed the constitutionality of the procedural rule set forth in section 11-1-58. Id. at 137. Based on the doctrine of separation of powers, the supreme court found that only it possessed the power to promulgate rules of procedure. Id. at 138 (quoting Newell v. State, 308 So. 2d 71, 76 (Miss. 1975)). In fact, the court held the Legislature is prohibited "from promulgating procedural statutes which require dismissal of a complaint . . . filed in full compliance with the Mississippi Rules of Civil

4

Procedure." Id. The court concluded that the requirement of strict compliance, i.e., that a certificate of consultation must accompany the complaint in a medical malpractice lawsuit, was such an unconstitutional procedural statute. Id. Accordingly, the Wimley Court held that "a complaint, otherwise properly filed, may not be dismissed, and need not be amended, simply because the plaintiff failed to attach a certificate or a waiver." Id. Based on that reasoning, the court reversed and remanded the case to the trial court to determine if the plaintiff met the pre-suit requirements. Id. at 139.

The Mississippi Supreme Court relied on this same reasoning in McClain v. Clark, wherein the trial court dismissed the lawsuit, finding that the plaintiff failed to strictly comply with Mississippi Code Section 11-1-58 by not attaching a certificate of consultation to her complaint. 992 So. 2d 636 (Miss. 2008). The supreme court reiterated its holding in Wimbley that "'[the] complaint otherwise properly filed, may not be dismissed . . . simply because the plaintiff failed to attach a [certificate of consultation], 'pursuant to [s]ection 11-1-58." Id. at 638 (quoting Wimley, 991 So.2d at 138)). Thus, the supreme court reversed the trial court's dismissal of McClain's complaint and remanded the case for further proceedings. Id.; see also Ellis v. Miss. Bapt. Med. Ctr., Inc., 997 So. 2d 996 (Miss. Ct. App. 2008) (relying on Wimley and McClain, the Mississippi Court of Appeals reversed the trial court's dismissal of Ellis' lawsuit for failing to attach her certificate of consultation to her original complaint).

Although the present case involves section 93-13-27 rather than section 11-1-58, the Court finds the same rationale applies. As the supreme court found in Wimley and McClain, this Court also finds the procedural mandate of section 93-13-27 is an unconstitutional violation of the separation of powers doctrine. Despite Plaintiff's failure to attach the order of judicial authorization, Plaintiff

5

complied with the statute insomuch that she obtained judicial authorization to file suit by the chancery court order dated July 15, 2008, before filing suit on July 25, 2008. Accordingly, Defendants' motions to dismiss based on Plaintiff's failure to attach the order of judicial authorization are DENIED.

B.   Notice of Intent to File Suit

Defendant also argues that the Complaint should be dismissed as Plaintiff did not have the authority to place Defendants on notice of a claim under Mississippi Code Section 15-1-36, which states in relevant part:

> No action based upon the health care provider's professional negligence may be begun unless the defendant has been given at least sixty (60) days' prior written notice of the intention to begin the action.

MISS. CODE ANN. § 15-1-36.

Plaintiff provided Defendants with sixty days written notice. However, Defendants assert that although Plaintiff was the duly appointed conservator of Lafarge pursuant to a decree from the Chancery Court of Lowndes County, Mississippi, dated June 29, 2006, she still did not have the necessary judicial authority to place Defendants on notice of her intent to file suit as the conservator of LaFarge at the time notice was given. The premise of Defendants' argument is that Plaintiff's letter providing these Defendants with 60 days notice of the intent to sue was dated May 19, 2008, and Plaintiff did not file her Petition for Authority to Initiate Prosecution of Personal Action until June 23, 2008. Thus, Defendants conclude this notice of intent is void as Plaintiff did not have proper judicial authorization.

The Wimley Court held that it is the "Legislature's prerogative to set forth in legislation whatever substantive, pre-suit requirements for causes of action, and prerequisites to filing suit, it

deems appropriate." Wimley, 991 So. 2d at 139. Moreover, "pre-suit requirements are clearly within the purview of the Legislature, and do not encroach upon this Court's rule-making responsibility." Id. Furthermore, "the Legislature has authority to establish pre-suit requirements as a condition precedent to filing particular lawsuits." Id.

Mississippi Code Section 93-13-27 provides in relevant part that "all such actions, suits, or proceedings shall be commenced only after authority has been granted to such general guardian by proper order or decree of the court or chancellor . . . ." While the Court agrees that Plaintiff must receive judicial authorization before filing suit, which she received on July 15, 2008, the statute does not require a personal representative or conservator to obtain judicial authorization before sending a notice of intent letter. Accordingly, Defendants argument fails, and Defendants' motions to dismiss based on this argument are DENIED.

IV.  Conclusion

Based on the foregoing analysis, Defendants Kyker, Bertolet, and Cardiology Associates of North Mississippi, P.A.'s Motion to Dismiss [8], Supplemental Motion to Dismiss [11], and Motion to Dismiss First Amended Complaint [19] are DENIED. Moreover, North Mississippi Medical Center, Inc.'s Motion to Dismiss [16] is also DENIED.

A separate order in accordance with this opinion shall issue this day.

SO ORDERED, this the 18th day of September 2009.

/s/ Sharion Aycock  
**UNITED STATES DISTRICT JUDGE**