IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

BOBBY J. LAFARGE, by his personal                                                     PLAINTIFF
representative and conservator,
ANGELA BLIZZARD

V.                                                  CIVIL ACTION NO.: 1:08CV185-SA-JAD

KEITH KYKER, M.D.; BARRY BERTOLET, M.D.;
CARDIOLOGY ASSOCIATES OF NORTH MISSISSIPPI,
P.A.; and NORTH MISSISSIPPI MEDICAL CENTER, INC.          DEFENDANTS

ORDER GRANTING DEFENDANTS' MOTION TO CERTIFY
FOR INTERLOCUTORY APPEAL AND MOTION FOR STAY OF PROCEEDINGS

Presently before the Court is Defendants' Motion to Certify for Interlocutory Appeal and Motion for Stay of Proceedings [46]. After reviewing the motion, responses, rules, and authorities, the Court finds as follows:

Defendants seek to have the following questions certified:

(i) whether the requirement of Mississippi Code Annotated § 93-13-27 that the Plaintiff attach an Order of judicial authorization to her Complaint is constitutional; and

(ii) whether a conservator, such as Angela Blizzard, must comply with Mississippi Code Annotated § 93-13-27 and obtain Chancery Court authority to send the pre-suit notice of claim letter in order to give effective pre-suit notice pursuant to Mississippi Code Annotated § 15-1-36(15).

The legislative history of 28 U.S.C. § 1292(b) indicates that an interlocutory appeal is to be used only in extraordinary cases where a decision on interlocutory appeal may avoid protracted and expensive litigation, but is not intended merely to provide review of difficult rulings in hard cases. United States ex rel. Hollander v. Clay, 420 F. Supp. 853 (D. DC 1976). The report of the Committee on Appeals from Interlocutory Orders of the District Courts, submitted to the Judicial Conference of the United States under date of September 23, 1953, stated:

[T]he appeal from interlocutory orders thus provided should and will be used only

> in exceptional cases where a decision of the appeal may avoid protracted and expensive litigation . . . where a question which would be dispositive of the litigation is raised and there is serious doubt as to how it should be decided.

S. Rep. No. 2434, 85th Cong. 2nd sess., 1958 U.S. Code Cong. & Ad. News, pp. 5255, 5260.

Moreover, the report noted that "[i]t is not thought that district judges would grant the certificate in ordinary litigation which could otherwise be promptly disposed of or that mere question as to the correctness of the ruling would prompt the granting of the certificate." Id.

Under 28 U.S.C. § 1292(b), an interlocutory appeal is appropriate in the following circumstance:

> (b) when a district judge, in making a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves [1] a controlling question of law as to which there is [2] substantial ground for difference of opinion and that [3] an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

(Numbering added). Therefore, in order for a party to obtain permission to file an interlocutory appeal, the district court from which the appeal originates must certify the question to the Court of Appeals. Indeed, the United States Supreme Court noted that Congress specifically "chose to confer on district courts first line discretion to allow interlocutory appeals." Swint v. Chambers County Comm'n, 514 U.S. 35, 47, 115 S. Ct. 1203, 131 L. Ed. 2d 60 (1995) (emphasis added).

To determine whether an interlocutory appeal providently would be granted in this case, the factors contained in 28 U.S.C. § 1292(b) must be evaluated. Defendants assert that this Court's September 18, 2009, Order involves two controlling questions of law. Plaintiff does not deny and the Court agrees that this case involves controlling questions of law.

The second factor necessary to certify an interlocutory appeal mandates that there be a substantial ground for difference of opinion in interpreting the controlling questions of law. The

Court finds that substantial ground for disagreement exists as both questions are issues of first impression under Mississippi law. The final factor is if an immediate appeal from the order may materially advance the ultimate termination of the litigation. The Court concludes the Fifth Circuit's consideration of the issues may eliminate the need for the case to proceed.

This Court finds that its Order denying Defendants' Motions to Dismiss involves controlling questions of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. Therefore, Defendants' Motion for Certification of an Interlocutory Appeal pursuant to 28 U.S.C. § 1292(b) of the Court's Order Denying Defendants' Motions to Dismiss [46] is GRANTED. Defendants may seek leave to appeal as provided by 28 U.S.C. § 1292(b) and Fed. R. App. P. 5.

Finally, for the reasons stated, the Court finds that this matter should be stayed until the Fifth Circuit Court of Appeals rejects or decides the appeal.

SO ORDERED, this the 23rd day of November, 2009.

s/ Sharion Aycock
**UNITED STATES DISTRICT JUDGE**